IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Universal North America Insurance Company, | Case No.: 4:16-cv-3075-RBH |
| Plaintiffs, | |
| v. | |
| Mathew Galloway, Betty Galloway, Amanda Galloway, and Deborah Fromme, individually and as parent and natural guardian of LG, | ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| Defendants. | |

This matter comes before the Court on Plaintiff Universal North America Insurance Company's Motion for Default Judgment as to Defendants Matthew Galloway; Betty Galloway; Amanda Galloway; and Deborah Fromme, individually and as parent and natural guardian of LG. ECF No. 17. Defendant's Motion was made pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and is based upon the Entries of Default entered against Defendants Amanda Galloway, Matthew Galloway, and Betty Galloway on November 14, 2016, and against Defendant Deborah Fromme on January 20, 2017.

**FACTS/BACKGROUND**

According to the Complaint, Plaintiff Universal Insurance Company of North America ("Universal") issued a homeowners policy to Defendants Matthew Galloway and Betty Galloway covering the period April 11, 2016, through April 11, 2017. See ECF No. 1-1. The cited policy included coverage for personal liability for the insured in the event "...a claim is

made or a suit is brought against an 'insured' for damages because of 'bodily injury'...caused by an 'occurrence' to which this coverage applies...." Id. The policy defines "bodily injury" as "...bodily harm...including required care, loss of services and death that results." Id. "Occurrence" is defined in the policy as "an accident...which results, during the policy period, in ... 'bodily injury." Id.

On June 3, 2016, LG, the 20-month-old grandson of the named insureds was run over and killed by an automobile operated by the named insured's adult daughter, Amanda Galloway. LG was the nephew of Amanda Galloway and the son of Deborah Fromme. The involved vehicle was titled to, and thus owned by, Amanda Galloway and Matthew Galloway's name. Furthermore, upon information and belief, at the time of the incident Amanda Galloway lived with her two-year-old daughter in an apartment on the insured's property.

## LEGAL STANDARD

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established[.]" See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted).

## ARGUMENT

Universal North America's ("Universal") Complaint requests the following declaratory relief:

(1) No coverage exists for Matthew Galloway under Universal's homeowners policy, issued to Matthew Galloway and Betty Galloway, for the motor vehicle accident of June 3, 2016, and any injuries or death arising out of that accident;

(2) No coverage exists for Betty Galloway under Universal's homeowners policy, issued to Matthew Galloway and Betty Galloway, for the motor vehicle accident of June 3, 2016, and any injuries or death arising out of that accident;

(3) No coverage exists for Amanda Galloway under Universal's homeowners policy, issued to Matthew Galloway and Betty Galloway, for the motor vehicle accident of June 3, 2016, and any injuries or death arising out of that accident;

(4) No coverage exists for Deborah Fromme, individually and as parent and natural guardian of LG, under Universal's homeowners policy, issued to Matthew Galloway and Betty Galloway, for the motor vehicle accident of June 3, 2016, and any injuries or death arising out of that accident; and

(5) For such other remedy as in the judgment of the Court is just and reasonable.

Universal seeks no costs and fees in its Motion for Default Judgment.

The Court finds the allegations as set forth in the Complaint are conclusively admitted by virtue of the fact that the Defendants have not answered the complaint in this action. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). Accordingly, the Court finds that this litigation arises out of the ownership, maintenance, use, loading or unloading of a motor vehicle owned or operated by Matthew Galloway and Amanda Galloway. Furthermore, Amanda Galloway was a relative of the named insureds, Matthew Galloway and Betty Galloway, and Amanda Galloway was also a resident of Matthew Galloway and Betty Galloway's household. As a result, the Court finds that she is an "insured" as defined by the policy. Furthermore, the vehicle operated by Amanda Galloway at the time of the incident was owned by insureds Matthew Galloway and Amanda Galloway, and it was being operated by an insured, Amanda Galloway. As a result, the Court finds that coverage for the incident is excluded

under the policy, which excludes coverage for personal liability and medical payments for bodily injury arising out of "[t]he ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an 'insured'[.]" See ECF No. 1-1.

Accordingly, the Court finds that the Universal policy provides no coverage related to the June 3, 2016 incident, and therefore coverage is not triggered under that policy. See Cook v. State Farm Auto. Ins. Co., 376 S.C. 426, 656 S.E.2d 784, 786 (S.C.Ct.App.2008) (stating that "an insurance policy is a contract between the insured and the insurance company, and the terms of the policy are to be construed according to contract law"); Torrington Co. v. Aetna Cas. & Sur. Co., 264 S.C. 636, 643, 216 S.E.2d 547, 550 (1975) (noting that courts must not "rewrite ... or torture the meaning of a policy to extend coverage never intended by the parties.").

## CONCLUSION

For the foregoing reasons, the Court finds that the Plaintiff's Motion for Default Judgment should be **GRANTED** and that:

(1) No coverage exists for Matthew Galloway under Universal's homeowners policy, issued to Matthew Galloway and Betty Galloway, for the motor vehicle accident of June 3, 2016, and any injuries or death arising out of that accident;

(2) No coverage exists for Betty Galloway under Universal's homeowners policy, issued to Matthew Galloway and Betty Galloway, for the motor vehicle accident of June 3, 2016, and any injuries or death arising out of that accident;

(3) No coverage exists for Amanda Galloway under Universal's homeowners policy, issued to Matthew Galloway and Betty Galloway, for the motor vehicle accident of June 3, 2016, and any injuries or death arising out of that accident;

(4) No coverage exists for Deborah Fromme, individually and as parent and natural guardian of LG, under Universal's homeowners policy, issued to Matthew Galloway and Betty Galloway, for the motor vehicle accident of June 3, 2016, and any injuries or death arising out of that accident; and

(5) For such other remedy as in the judgment of the Court is just and reasonable.

**IT IS SO ORDERED.**

May 5, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge